

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LAMONT TIRRELL BONNER, | ) CIVIL ACTION NO. 9:16-3445-MGL-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| NANCY A. BERRYHILL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) with a protective filing date of February 12, 2014, alleging disability since March 17, 1974 (date of birth)[1] due to lumbar and cervical pain related to herniated discs and sprain; left shoulder pain; headaches; thoracic pain; and muscle spasms. (R.pp. 140-141, 166, 177-183). Plaintiff's applications were denied initially and upon reconsideration. (R.pp. 87-97). Plaintiff then amended his alleged onset date to June 28, 2013, the date he was in an automobile accident, and requested a hearing before an Administrative Law

---

[1]Probably a scriveners error. Plaintiff apparently meant to state a disability onset date of June 23, 2013. See (R.pp. 163, 167).

Judge (ALJ), which was held on October 26, 2015. (R.pp. 20, 34-99, 193). The ALJ thereafter denied Plaintiff's claim in a decision dated December 14, 2015. (R.pp. 20-29). The Appeals Council denied Plaintiff's request for review, thereby making the determination of the ALJ the final decision of the Commissioner.

Plaintiff then filed this action in United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even



2

"less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was thirty nine (39) years old on June 28, 2013 (when he alleges he became disabled), completed the 12th grade and has past relevant work experience as an audio/visual technician, parts checker in a factory, general laborer in quality control for a carpet cleaning company, and machine operator for a steel company. (R.pp. 152-156, 163, 167, 168). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairment$^{2}$ of lumbar disc disorder status post fusion surgery on February 25, 2015, he nevertheless retained the residual functional capacity (RFC)

---

$^{2}$An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



3

to perform sedentary work[3], limited to work that allows alternating between sitting and standing at will; no more than occasional pushing or pulling or operation of foot controls with the right lower extremity; no climbing of any ladders, ropes or scaffolding; no more than only occasional climbing of ramps or stairs; no more than frequent balancing; no more than occasional stooping and crouching; no more than brief ("brief" meaning no more than 10% of a typical work day) kneeling and crawling; and no more than occasional exposure to hazards like dangerous machinery or unprotected heights. (R.pp. 23-27). The ALJ further determined that, although these limitations precluded Plaintiff from performing his past relevant work, he could perform other representative occupations with these limitations, such as assembler (DOT # 713.687-018)[4], sorter (DOT # 521.687-086)[5], product processing or product finishing (DOT # 731.687-014)[6], entry level jobs in the security field such as lobby attendant, gate attendant and security monitor (DOT # 379.367-010), and parking facility

---

[3] Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

[4] The first time the VE identified the assembler job, it was referenced as DOT # 713.687-030 [Lens Matcher]. (R.p. 64). However, the next time the VE referred to the assembler job, he referenced DOT # 713.687-018. (R.p. 66).

[5] The first time the VE identified the sorting job, he referenced as DOT # 741.687-010 [Spray Paint Inspector]. (R.p. 64). However, the next time the VE referred to the sorting job, he referenced DOT # 521.687-086. (R.p. 66).

[6] The first time the VE identified the product processing or product finishing job, he referenced as DOT # 709.687-010 [Cleaner and Polisher]. (R.p. 65). However, the next time the VE referred to the product processing or product finishing job, he referenced DOT # 731.687-014 [Finisher]. (R.p. 66).

4



cashier (DOT # 211.462-010), and was therefore not entitled to disability benefits.[7] (R.pp. 28, 64-66).

Plaintiff asserts that in reaching this decision the ALJ committed reversible error by failing to consider the impact of Plaintiff's cervical disc disorder on his ability to work; by improperly evaluating Plaintiff's credibility; and that the ALJ's reasons for according "little weight" to the opinion of Dr. Susan Craig, Plaintiff's treating chiropractor, are not based on substantial evidence. Plaintiff further argues that remand is warranted with instructions to consider Plaintiff's treatment regimen on his ability to perform sustained work activities; and that the Appeals Council committed reversible error in failing to remand this matter to the ALJ for consideration of the newly submitted evidence. After careful review and consideration of the record in this case and the arguments from the parties, the undersigned is constrained to agree with the Plaintiff that the Appeals Council committed reversible error in its evaluation of the evidence submitted by Plaintiff on appeal, thereby requiring a remand for further consideration of Plaintiff's claim.

As part of his appeal of the decision in this case, Plaintiff submitted additional evidence to the Appeals Council which included records from Dr. Andres Munk, an orthopedic spine surgeon, showing that Plaintiff underwent surgery on his back approximately two weeks after the ALJ's decision. See generally, (R.pp. 494-498). Pursuant to 20 C.F.R. §404.970

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence . . . where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the

---

[7]In reaching this conclusion, the ALJ noted that the VE testified the sit/stand at will option would reduce the number of assembler, sorting and product processing finishing jobs available by 20%, but that the number of security jobs and parking facility cashier jobs available would not be affected by the sit/stand at will option. (R.pp. 28, 68).



5

entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).

In order to be "new" evidence, the evidence must not be "duplicative or cumulative"; and in order to be "material", there must be a "reasonable possibility that it would have changed the outcome". Wilkins v. Secretary of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). This evidence was obviously "new", since it was not evidence that had been considered by the ALJ. It was also "material", as it references a surgery that Plaintiff had on his back only a few weeks after the decision was issued, and is a medical record showing that Plaintiff's condition was of such a severity as to require surgery not long after the hearing in this case, and with respect to the specific condition addressed by the ALJ in his findings, and which would appear to directly contradict the finding of the ALJ that "the medical evidence of record suggests that the bulk of [Plaintiff's] impairments were acute and have dramatically improved since the motor vehicle accident. . . ." (R.p. 26).

The ALJ stated in his decision that when Plaintiff applied for disability, he "would not have known the degree of improvement that he would have following his lumbar disorder fushion performed on February 25, 2015." (R.p. 24). The ALJ also references a purported discrepancy between Plaintiff's testimony describing his typical pain level as 6/10, as compared to Dr. Martin Kornblum's notation on September 22, 2015, that Plaintiff was still struggling with pain at 4/10, inferring that Plaintiff's testimony regarding the extent of his pain and limitation was not entirely credible. (R.pp. 24-25). The ALJ then essentially relies on the findings and opinion of Dr. Kornblum to find that Plaintiff's condition improved sufficiently after his accident and initial surgery on February 25, 2015 such that his condition was not disabling. See (R.pp. 26, 485-491). However, in

6



the records submitted to the Appeals Council, Dr. Munk[8] notes on December 9, 2015 (5 days *before* the ALJ issued his decision) that Plaintiff continued to experience "relatively constant" pain that was worse with sitting and taking a step, and opines that Plaintiff was "symptomatic enough at this point that he would definitely consider a surgical intervention". (R.p. 498). See 20 C.F.R. § 404.1527(d)(5) (2001) [opinion of a specialist about medical issues related to his or her area of specialty are entitled to more weight than the opinion of a physician who is not a specialist]. Thereafter, on December 18, 2015, Larisa Joeright, a Physician Assistant, opined that Plaintiff continued to be in a significant amount of pain about his sacroiliac joint and noted Plaintiff had been scheduled for a right-sided SI joint fusion with Dr. Munk on January 7, 2016. (R.p. 497). Physician Assistant Joeright also noted that X-rays of Plaintiff's lumboscral spine taken on December 18, 2015 showed that "[i]n comparison to prior films, there does seem to be a bit more bone formation and bony fushion noted at L5-SI." (R.p. 497). Plaintiff then underwent spine surgery on January 7, 2016. (R.pp. 495-496).

The Appeals Council found that this "additional evidence does not provide any information that would warrant a change in the Administrative Law Judge's decision", and denied Plaintiff's request for review. (R.p. 1). However, the undersigned concludes that the Appeals Council committed clear error in making this finding under the facts of this case. The proper manner and procedure for the handling of new evidence submitted to an Appeals Council was discussed extensively by the Fourth Circuit in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), which held that when a claimant requests review of an ALJ decision, the Appeals Council may deny or dismiss the

---

[8]Dr. Kornblum and Dr. Munk are in the same medical practice.



request for review, or it may grant the request and either issue a decision or remand the case to the ALJ. Further, where a claimant submits additional evidence that was not before the ALJ when requesting review by the Appeals Council, if the evidence is new and material the Appeals Council is the evaluate the entire record, including the new and material evidence, to see if it warrants any change in the ALJ's decision. If, after this evaluation, the Appeals Council finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record, it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ. Conversely, if upon consideration of the evidence, including any new and material evidence, the Appeals Council finds that the ALJ's action, findings or conclusions are not contrary to the weight of the evidence as a whole, the Appeals Council can simply deny the request for review. See generally, Meyer, 662 F.3d at 704-705. That is what the Appeals Council did in this case. (R.p. 2).

The Commissioner correctly notes that there is nothing in the Social Security Act or regulations that require an Appeals Council to explain its rationale for denying review any more so than through the form language used this case. Meyer, 602 F.3d at 705. Even so, the Meyer court noted that it was "certainly mindful that 'an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review'"; Meyer, 662 F.3d at 706 (citing Martinez v. Barnhart, 444 F.3d 1201, 1207-1208 (10th Cir. 2006)); and went on to hold that, where the treating physician (in that case) had submitted a letter to the Appeals Council detailing Plaintiff's injuries and recommending significant restrictions on Plaintiff's activity, it "simply [could not] determine whether substantial evidence support[ed] the ALJ's denial of benefits . . . ", because the ALJ, in rendering his decision, had specifically emphasized that the record *before him* did not include any restrictions from the treating physician. Id. Therefore, the Meyer court reversed the judgment of the District Court



and remanded for rehearing by the Social Security Administration.

The case presently before the Court is subject to reversal based on this same reasoning. In his decision, the ALJ found that Plaintiff's impairments were acute and had dramatically improved since his automobile accident and February 2015 surgery. (R.pp. 25-26). The ALJ also found that, while Plaintiff's" medically determinable impairments could reasonably be expected to cause the alleged symptoms; . . . [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision", again citing to medical records before him at that time. (R.p. 24). However, the medical evidence submitted by the Plaintiff on appeal to the Appeals Council includes records from an orthopedic spine surgeon documenting Plaintiff's continuing problems with "significant" pain, the need for a second surgical intervention, and Plaintiff in fact undergoing this surgical procedure, all contemporaneously with the time of the ALJ's decision in this case. These records conflict with the ALJ's findings which were based on, inter alia, a lack of objective or longitudinal evidence to support the extent of Plaintiff's complaints of pain (R.p. 26), as this new evidence shows that in addition to Dr. Munk's description of Plaintiff's condition in December 2015 as being one of "debilitating low back pain" (R.p. 495) and P. A. Joeright's describing Plaintiff as suffering from "a significant amount" of sacroiliac joint pain serious enough to require surgery, the records produced to the Appeals Council also included X-rays of Plaintiff's lumboscral spine taken only four days after the ALJ's decision that showed Plaintiff had more bone formation and bony fushion at L5-SI present than when compared to prior films, which assists in filling the evidentiary gap regarding Plaintiff's complaints of continuing pain. Cf. Wyns-Bills v. Colvin, No. 14-3353, 2015 WL 5117018 at * 6 (D.S.C. Aug. 31, 2015) [Remanding under Meyer analysis where pharmacy records submitted to

9



Appeals Council filled an "evidentiary gap"].

As was noted in Meyer, courts should affirm an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council where, even with this new evidence, substantial evidence support the ALJ's findings. However, reversal is required if, on consideration of the record as a whole, the court "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits . . . ." Meyer, 662 F.3d at 707. In Meyer, such was found to be the case where the new evidence was evidence from a treating physician that provided evidence the ALJ said in his decision he did not have, and which corroborated other evidence that the ALJ had rejected. Although the evidence at issue in Meyer was evidence from a treating physician, the fact situation is the similar here. The ALJ rejected Plaintiff's complaints of pain because of a lack of objective evidence and his belief that the bulk of Plaintiff's impairments were acute and had improved with time. Plaintiff then provided evidence to the Appeals Council specifically addressing these issues, and which would support Plaintiff's testimony (which the ALJ rejected) as to the extent of his pain and continuing impairments, to the extent that he was required to undergo additional surgical intervention. Therefore, "[o]n consideration of the record as a whole, [this court] simply cannot determine whether substantial evidence supports the ALJ's" decision, as "no fact finder has made any findings as to [the new evidence] or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance". Meyer, 662 F.3d at 707.

There is no way for this Court to know what the ALJ's decision would have been if, at the time the case was before him for decision, he had had this evidence from Plaintiff's surgeon

10



which specifically addresses the issues on which the ALJ based his decision, for consideration and review. (R.p. 498). While it is certainly possible that the ALJ on remand might still reach the same conclusions as are set forth in the decision, that is a finding that must be made by the ALJ, not by this Court in the first instance. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."]; Nester v. Astrue, No. 08-2045, 2009 WL 349701 at * 2 (E.D. Feb. 12, 2009)[Noting that the Court "may not consider *post hoc* rationalizations but must evaluate only the reasons and conclusions offered by the ALJ."].

Therefore, this case should be reversed and remanded for further consideration of whether Plaintiff is disabled in light of this new evidence. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the



Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for re-evaluation of the evidence as set forth hereinabove, and for such further administration action as may be necessary and appropriate. See Shalala v. Schaefer, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 14, 2017
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).